UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARYANN MALTESE,

        Plaintiff,

v.

DELTA AIRLINES CORPORATION, TD BANK REGIONAL NYS, and RACHEL KOVNER, Judiciary,

        Defendants.

**MEMORANDUM & ORDER**
24-CV-7356 (HG) (LB)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Maryann Maltese filed this fee-paid *pro se* complaint on September 24, 2024, in the United States District Court for the Southern District of New York. ECF No. 1 (Complaint). That court transferred the action to this district, where it was received on October 21, 2024. ECF No. 12 (Transfer Order); ECF No. 14 (Transfer Receipt Order). Although Plaintiff has paid the filing fee to commence this case, the Court has nevertheless reviewed Plaintiff's complaint *sua sponte* to assess the merits of her claims. For the reasons set forth below, the Court dismisses Plaintiff's claims against Judge Kovner as frivolous, and dismisses Plaintiff's claims against the remaining Defendants as duplicative of claims she is already asserting in another action in this district.

## BACKGROUND

    Plaintiff is seeking to bring claims against Judge Kovner, Delta Airlines Corporation ("Delta"), and TD Bank Regional NYS ("TD Bank"). Aside from the claims asserted against Judge Kovner, the claims in the Complaint mirror almost identically claims Plaintiff previously raised against Delta Airlines and TD Bank in *Maltese v. Delta Airlines Corp., et al.*, No. 24-cv-4311. On October 3, 2024, Judge Kovner dismissed that complaint for lack of subject matter

jurisdiction and gave Plaintiff leave to file an amended complaint. *See Maltese v. Delta Airlines Corp.*, No. 24-cv-4311, 2024 WL 4389282 (E.D.N.Y. Oct. 3, 2024). Plaintiff's time to do so has not yet expired, but to date, Plaintiff has not availed herself of that opportunity.

Plaintiff's claims against Judge Kovner are based on her alleged "failure to grant a hearing" in "6 dockets" related to Plaintiff's other claims. ECF No. 1 at 2, 5, 8–10. Plaintiff attaches to her Complaint documents from prior cases she filed in federal and state courts. *Id.* at 11–29.

In addition to the previously referenced case against Delta Airlines and TD Bank, Plaintiff has filed five prior actions in this district. *See Maltese v. NYS Legislature*, No. 23-cv-4359 (dismissed Nov. 6, 2023; appeal dismissed Sept. 3, 2024); *Maltese v. Brown*, No. 23-cv-4566, *Maltese v. Adams*, No. 23-cv-4940, and *Maltese v. Governor*, No. 23-cv-6204 (dismissed in one order in *Maltese v. Governor*, No. 23-cv-6204, 2024 WL 3875940 (E.D.N.Y. Aug. 19, 2024)) (appeals pending); *Maltese v. Trader Joes Company*, 23-cv-4736 (pending).

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent standards than formal

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

2

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020).

However, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363–364 (2d Cir. 2000) ("[D]istrict courts are especially likely to be exposed to frivolous action, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."); *see also Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, No 23-826, 2023 WL 8015698, at *1 (2d Cir. Nov. 20, 2023) (affirming *sua sponte* dismissal of *pro se* complaint without prior notice to plaintiff and reiterating that "[a] district court has the inherent authority to dismiss a complaint *sua sponte*, even when the plaintiff has paid the filing fee, when it is clear that the claims are frivolous"). "A complaint will be dismissed as 'frivolous' when it is clear that the defendants are immune from suit." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

## DISCUSSION

### I. Judicial Immunity

Plaintiff's claims against Judge Kovner must be dismissed because Judge Kovner is entitled to judicial immunity. Judges and their supporting personnel have absolute immunity from suits alleging injuries arising out of judicial acts performed in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). "Under the

3

doctrine of absolute judicial immunity, judges are subject to suit only for (1) non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or (2) actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Kapsis v. Brandveen*, No. 09-cv-1352, 2009 WL 2182609, at *1 (E.D.N.Y. July 20, 2009). Indeed, judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13. Here, Plaintiff's claims against Judge Kovner concern only her involvement in presiding over Plaintiff's previously-filed cases. *See* ECF No. 1 at 2, 5, 8–10. Because Judge Kovner was acting within her judicial capacity, she is immune from suit. Accordingly, the claims against Judge Kovner are dismissed as frivolous. *See, e.g.*, *Tapp v. Champagne*, 164 F. App'x 106, 108 (2d Cir. 2006) (affirming *sua sponte* dismissal of claims against judges protected by judicial immunity); *Kroger v. Richardson*, No. 19-cv-9053, 2019 WL 5080008, at *2 (S.D.N.Y. Oct. 10, 2019) (*sua sponte* dismissing as frivolous *pro se* plaintiffs' claims against two judges because "the law is so clear with respect to judicial immunity").

**II.    Plaintiff's Remaining Claims**

Plaintiff's remaining claims are almost identical to those asserted in Plaintiff's previously-filed case against Delta and TD Bank. *See* Docket No. 24-cv-4311. That case remains pending in this district, awaiting Plaintiff's amended complaint, consistent with Judge Kovner's Order on Defendants' motion to dismiss. *See Maltese v. Delta Airlines Corp.*, No. 24-cv-4311, 2024 WL 4389282 (E.D.N.Y. Oct. 3, 2024).

With the claims against Judge Kovner dismissed, all the remaining claims raised in this action are currently proceeding in Case No. 24-cv-4311. Accordingly, no useful purpose would be served by the litigation of this duplicate action, and Plaintiff's claims in this action against

4

Delta and TD Bank are dismissed without prejudice to Plaintiff pursuing those claims in the litigation pending in Case No. 24-cv-4311. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

## **CONCLUSION**

Accordingly, Plaintiff's claims against Judge Kovner are dismissed as frivolous, and Plaintiff's claims against Delta and TD Bank are dismissed as duplicative, without prejudice to Plaintiff pursuing her claims in the litigation pending in Case No. 24-cv-4311.

Although Plaintiff paid the filing fee in this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 269 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment consistent with this Order, close this case, and mail a copy of this Order to the *pro se* Plaintiff.

SO ORDERED.

                                          */s/ Hector Gonzalez*
                                          HECTOR GONZALEZ
                                          United States District Judge

Dated: Brooklyn, New York
        October 25, 2024